IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOAQUIN GUZMAN and
EMMA CORONEL,

    Plaintiffs,

v.                                                                                  No. 1:25-cv-429 MIS/LF

FNU LNU,

    Defendant.

**OMNIBUS ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT WITHOUT PREJUDICE, DENYING ALL OTHER PENDING MOTIONS AS MOOT, AND PROVIDING LEAVE TO AMEND**

    This matter is before the Court on Plaintiffs' *pro se* "Complaint for a Civil Case" (ECF No. 1), filed May 5, 2025.  Also before the Court are Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) (IFP Motion), Motion Requesting a District Judge (ECF No. 4), and Motion to Dismiss in Favor of Plaintiffs (ECF No. 5).  Plaintiffs do not name any Defendants and their claims are mostly unintelligible.  (ECF No. 1) at 4.  Having considered the record and applicable law, the Court will order Plaintiffs to file a single, amended complaint, as set forth below.

    **1. Plaintiffs' IFP Motion (ECF No. 2)**

    The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses, and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the

> requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).

Plaintiffs signed an affidavit stating they are unable to pay the costs of these proceedings and provided information showing their average monthly income is less than their monthly expenses. *See* (ECF No. 2). Accordingly, the Court finds that Plaintiffs are unable to pay the costs of this proceeding and grants the IFP Motion.

**2. Plaintiffs Must File an Amended Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the Court must dismiss a civil action *sua sponte* if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). To avoid dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiffs are proceeding *pro se*, their "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court is not obligated to craft legal theories for Plaintiffs, and it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

Plaintiffs' Complaint does not survive initial review. As an initial matter, Plaintiffs fail to name any Defendants. Moreover, Plaintiffs' names in the case caption do not match the signature line or mailing envelope, which instead indicate this action was filed by an attorney named "Gene Edward Scott II." *See* (ECF No. 1) at 5-6. The Federal Rules of Civil Procedure provide that "[a]n action must be prosecuted in the name of the real party in interest[,]" Fed. R. Civ. P. 17(a)(1), and require that all parties are named in the title of the complaint, Fed. R. Civ. P. 10(a). Plaintiffs cannot proceed without naming the proper parties.

Additionally, the Court cannot discern what legal theory Plaintiffs wish to pursue. Plaintiffs cite the Eighth Amendment and mention due process (*see* ECF No. 1 at 4), but they make no coherent claim or state any facts. If Plaintiffs intend to bring a civil rights claim under 42 U.S.C. § 1983, they must allege "deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Plaintiffs must also allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). Essentially,

3

"a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Based on the foregoing, the Court will dismiss the Complaint (ECF No. 1) without prejudice for failure to conform to Rule 8(a) and for failure to state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiffs may file a single amended complaint within thirty (30) days of entry of this Order. The amendment must include Plaintiffs' names in the title, list all Defendants and claims, and contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a). The amendment must not exceed 30 pages in length. If Plaintiffs fail to timely file a single, amended complaint that complies with these instructions - or if they continue to file piecemeal submissions that violate Rule 8(a) - the Court may dismiss this case with or without prejudice.

### 3. All Remaining Motions Are Denied as Moot

The Court will deny all remaining motions without prejudice, specifically Plaintiffs': Motion Requesting a District Judge (ECF No. 4) and Motion to Dismiss in Favor of Plaintiffs (ECF No. 5). Such motions are moot in light of the Court's ruling directing an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (**ECF No. 2**) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion Requesting a District Judge (**ECF No. 4**) and Motion to Dismiss in Favor of Plaintiffs (**ECF No. 5**) are **DENIED without prejudice**;

**IT IS FINALLY ORDERED** that within thirty (30) days of entry of this Order, Plaintiffs must file a single, amended complaint that complies with the above instructions. Failure to timely comply with this Memorandum Opinion and Order may result in dismissal of this action without further notice.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE