## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOAQUIN GUZMAN and
EMMA CORONEL,

      Plaintiffs,

v.                                                                                    No. 1:25-cv-429 MIS/LF

FNU LNU,

      Defendant.

## <u>ORDER OF DISMISSAL</u>

This matter is before the Court on Plaintiffs' failure to file an amended complaint as directed. Plaintiffs are proceeding *pro se* and *in forma pauperis*. Their Complaint does not name any Defendants, does not state any facts, and makes no coherent claims. *See* ECF No. 1. By Order entered February 12, 2026, the Court determined the Complaint fails to state a cognizable claim. ECF No. 6 ("Screening Ruling"); *see also* 28 U.S.C. § 1915(e)(2) (courts must *sua sponte* review *in forma pauperis* complaints to determine whether they state a cognizable claim). The Screening Ruling explains that, while Plaintiffs cite the Eighth Amendment and mention due process (*see* ECF No. 1 at 4), they make no coherent claim or state any facts, and the Court cannot discern what legal theory Plaintiffs wish to pursue. ECF No. 6 at 3. The Screening Ruling further notes that Plaintiffs' names in the case caption do not match the signature line or mailing envelope, which instead indicate this action was filed by an attorney named "Gene Edward Scott II." *See* ECF No. 1 at 5-6. The Screening Ruling explains that the Federal Rules of Civil Procedure require that "[a]n action must be prosecuted in the name of the real party in interest[,]" Fed. R. Civ. P. 17(a)(1), and require that all parties are named in the title of the complaint, Fed. R. Civ. P. 10(a).

Based on these pleading defects, the Court dismissed the Complaint without prejudice. ECF No. 6 at 4.  Consistent with *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), Plaintiffs were *sua sponte* invited to amend their claims within thirty (30) days of entry of the Screening Ruling.  The Screening Ruling set forth the general pleading standards governing 42 U.S.C. § 1983, and explained that any amendment must include Plaintiffs' names in the title, list all Defendants and claims, and contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a).  ECF No. 6 at 3-4.  Plaintiffs were warned that failure to timely amend in accordance with the Screening Ruling may result in dismissal of this case with or without prejudice.  *Id.* at 4-5.

The deadline to amend was March 16, 2026.  Plaintiffs did not amend, show cause for such failure, or otherwise respond to the Screening Ruling.  The Court will therefore dismiss this case for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).  The Court has the option to dismiss with or without prejudice under those authorities.  *See, e.g.*, *Novotny v. OSL Retail Servs. Corp.*, No. 22-8062, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").  The Court will enter the dismissal without prejudice in this case, since no defendants have been named and, therefore, will not be prejudiced by such ruling.

2

**IT IS ORDERED** that this case, including Plaintiffs' Complaint ECF No. 1, is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and the Court will enter a separate judgment closing the civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE